**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

MAGDALENA LOZANO,

          Plaintiff(s),

    vs.

BANK OF AMERICA HOME
LOANS,

         Defendant(s).

Case No. 2:09-cv-2052-RLH-PAL

**O R D E R**
(Motion to Vacate Statement of Facts;
Denial of Constitutional Rights–#25)

Before the Court is a convoluted motion by Plaintiff entitled: **Motion to Vacate Statement of Facts FRCP 60(b)(4); Denial of Constitutional Rights** (#25, filed March 3, 2010). Defendant filed its Opposition (#26), and Plaintiff filed an untimely Reply (#27).

The motion is convoluted because it is impossible to tell whether Plaintiff wants to appeal the decision of the Court because it is in error, wants reconsideration of the Court's decision because it is in error, wants reversal of the decision because it is void on the basis that the Court lacks jurisdiction, wants a declaration that this Court does not have jurisdiction, or wants to sue the Court for making a decision which she feels is a violation of her constitutional rights.

Plaintiff begins her motion with some egregious misstatements. First, she is not a "sovereign." A sovereign is the government, or the leader of a government. She is neither.

Second, there is no such thing as the "Republic of Nevada." Nevada is a state, not a republic.

1

1      Third, she seems to be under the impression that this Court is obligated to follow the

2  decisions of the Bankruptcy Court.  The Bankruptcy Court is subservient to this Court, both legally

3  and administratively.  That is, this Court has the jurisdiction to address appeals from the Bankruptcy

4  Court and to reverse its decisions if it sees fit.  This Court is not obligated to follow the precedent of

5  decisions by the Bankruptcy Court.

6      Fourth, the Bankruptcy Court decision she argues, was appealed to this Court and

7  this Court affirmed the Bankruptcy Court.  However, the issue there is different from the issue here.

8  There the issue was whether MERS had standing to move for a lift of stay.  Standing was denied

9  because it refused to disclose who owned the note, not for failure to produce it.  Here, the issue is

10  whether the promissory note must be produced for a judicial foreclosure.  Virtually all the federal

11  District Judges in the District of Nevada, as well as the Supreme Court of Nevada, have ruled that it

12  does not.

13      Plaintiff fails to grasp the fact that this case has been dismissed.  Reconsideration of

14  that dismissal, or an appeal, are the only options open Plaintiff at this stage in the proceeding.

15      Plaintiff argues that this Court's dismissal is void because the Court does not have

16  jurisdiction.  If the Court does not have jurisdiction, then the case should be dismissed for lack of

17  jurisdiction.  However, when a Plaintiff makes claims under federal law, this Court has jurisdiction

18  to hear those claims.  Moreover, when those claims are insufficient to state a cause of action upon

19  which relief can be granted, this Court has the authority (and the jurisdiction) to dismiss the case

20  even before an answer is filed by the Defendant.

21      Alternatively, Plaintiff appears to be asking the Court to reconsider its decision.

22      Although not mentioned in any of the Federal Rules of Civil Procedure, motions for

23  reconsideration may be brought under both Rules 59(e) and 60(b).  "Under Rule 59(e), a motion for

24  reconsideration should not be granted, absent highly unusual circumstances, unless the district court

25  is presented with newly discovered evidence, committed clear error, or if there is an intervening

26  change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.

1999).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment.  A motion for reconsideration is properly denied when it presents no arguments that were not already raised in its original motion.  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex. 1994)(footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

The issue of jurisdiction was raised by Plaintiff in her opposition to the original motion to dismiss.  The arguments here are merely a rehashing of those arguments and an attempt to get a second bite at the apple, to persuade the Court to change its mind.

If Plaintiff feels this Court erred in its decision, the appropriate course of action is to appeal the matter to the Ninth Circuit Court of Appeals.  It serves no useful purpose to provide page after page of citations to courts whose decisions have no control over this Court and where laws and the circumstances of those cases may be different.

Furthermore, Plaintiff's Reply is untimely and filed without effort to obtain leave to file the document late.  Furthermore, it raises new issues not addressed in Plaintiff's original motion.  Both are fatal to its consideration.  More important, the arguments in the Reply have no more merit than the original motion.

IT IS THEREFORE ORDERED that Plaintiff's **Motion to Vacate Statement of Facts FRCP 60(b)(4); Denial of Constitutional Rights** (#25) is DENIED.

Dated: May 11, 2010.

Roger L. Hunt
**Chief United States District Judge**

3